# IN THE COURT OF APPEALS OF IOWA

No. 22-1836
Filed August 9, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SCOTT MATTHEW DECKER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Meghan K. Corbin, Judge.

Scott Decker appeals the sentences imposed after pleading guilty to two counts of sexual exploitation of a minor. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee.

Considered by Ahlers, P.J., Chicchelly, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DOYLE, Senior Judge.**

Scott Decker pleaded guilty to two counts of sexual exploitation of a minor–promoting film, class "D" felonies, in violation of Iowa Code § 728.12(2) (2022). In his guilty plea, Decker admitted: "I knowingly viewed child pornography wherein I could tell that they were under the legal age. The 'children' were engaged in a sex act. After I viewed these videos, I would send them via e-mail to other people."

He was sentenced to five years imprisonment on each count with the sentences to run concurrently. He contends the sentencing court abused its discretion by imposing prison rather than probation supervision. Because the sentencing court did not abuse its discretion, we affirm.

Decker's sentences are within statutory limits. A criminal sentence "within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002); *see also State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018). "When assessing a district court's decision for abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017). "Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.'" *Id.* (quoting *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014)).

On appellate review of the district court's sentence, "we do not decide the sentence we would have imposed, but whether the sentence imposed was unreasonable." *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). When

considering the relevant factors and goals of sentencing in a particular case, two reasonable minds may reach two different sentencing conclusions. *See Formaro*, 638 N.W.2d at 725. "Yet, this does not mean the choice of one particular sentencing option over another constitutes error. Instead, it explains the discretionary nature of judging and the source of the respect afforded by the appellate process." *Id.* "Thus, our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.*

The intent of criminal punishment is rehabilitation of the offender and protection of the community from further offenses. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015). Sentencing courts consider the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform. *Id.* at 552-53. Judicial discretion in sentencing permits the court to act within the statutory limits and according to its conscience. *Id.* at 553. The sentencing court did not consider inappropriate matters in sentencing Decker, nor does Decker make any such suggestion. In exercising judicial discretion, "the court may consider a variety of circumstances, including the nature of the offense and attending circumstances, as well as the defendant's age, character, propensities and chances of reform." *State v. Boltz*, 542 N.W.2d 9, 10 (Iowa Ct. App. 1995).

The presentence investigation report (PSI) recommended incarceration. The State recommended imposition of a five-year prison sentence on each count to be run concurrently. Becker asked for deferred judgment with supervised probation, or, in the alternative, supervised probation. The court looked at the

seriousness of the crime, Decker's apparent denial of the acts, his lack of criminal history, letters of support, and the need to protect the community.  The court stated:

> Mr. Decker, it's my duty under the law to review what's available to me in terms of the following: community resources, an appropriate rehabilitative plan for you, and to consider that the public must be protected.  In doing so I look at the seriousness of the crime and the effect that your crime has had upon the members of the community.  I also look at your willingness to accept change and treatment if necessary, and consider what's available to me in terms of community resources to assist you in that process.  I first look to the least restrictive means then proceed to the more restrictive alternatives.
>
> I've reviewed the presentence investigation report and have considered the information therein.  However, I have not given any consideration to any entries in the criminal history section that do not contain an admission or an adjudication of guilt.  In your case there weren't any.
> . . . .
> The reason for this sentence, Mr. Decker, is the seriousness of the crime.  And I too was struck by the sentence in the presentence investigation report; however, I understand that information sometimes comes out differently when those investigations and interviews are done.  However, I also reviewed the letters of support that have been submitted on your behalf, and it appears that you seem to be in the same denial about your acts to other people that you were to the presentence investigator.  This sentence is imposed based on the need to protect the community and the seriousness of your crime.

The sentencing court elected to impose concurrent five-year prison sentences.

Decker argues his lack of criminal history, his long history of steady employment, and his support of his ex-wife through her struggle with substance-abuse addiction and recovery while caring for their children, warranted probation supervision, not prison.  In reviewing the reasons stated by the court for imposing the sentence, and the record, we cannot conclude the court's sentence was unreasonable or based on untenable grounds.  We therefore discern no abuse of discretion in the court's sentence.

Because the court did not abuse its discretion in sentencing Decker, we affirm.

**AFFIRMED.**